## GUARANTY TRUST CO. OF NEW YORK et al. v. JOHNSON.

District Court, S. D. New York.

Sept. 30, 1947.

Duer, Taylor, Wright, Woods & Chapman, of New York City (John S. Chapman, Jr. and Harter F. Wright, both of New York City, of counsel), for plaintiffs.

John F. X. McGohey, U.S. Atty., of New York City, (Henry L. Glenn, Asst. U.S. Atty., of New York City, of counsel), for defendant.

KNOX, District Judge.

These are cross motions for summary judgment. The action is brought by the executors of the last will and testament of Louise B. Goldsmith, against the Collector of Internal Revenue, for the recovery of an additional estate tax of $11,855.92, and interest. The relief now sought relates to the first and second causes of action set forth in the complaint, and defendant has consented to a severance and separate trial of the third cause of action.

The said Louise B. Goldsmith (hereinafter referred to as decedent) had a sister, Nettie G. Naumburg, who created a trust under an instrument dated April 5, 1929. After creating a life estate for the decedent, the donor gave decedent a general power of appointment over the remainder. The trust provided that in the event the decedent survived Nettie G. Naumburg (which did actually occur), the decedent would have the power to dispose of the principal and undistributed income from the trust fund to any one she might direct by last will and testament. In default of such direction, the fund was to go to the brothers of the decedent who survived her and to the issue of such of them as had predeceased her.

The decedent died November 18, 1943. By the first codicil to her will, the decedent disposed of her residuary estate, making certain specific bequests, and providing that the balance be divided into equal parts to go to the brothers of the decedent and to the issue of any deceased brothers. The said codicil further provided that the decedent's residuary estate should include not only her own property, but also that over which she had a power of appointment.

At the time of decedent's death, two brothers, and two children of a deceased brother, survived. Under date of October 23, 1944, these beneficiaries executed an instrument renouncing the benefits of the provisions of decedent's will in so far as such

provisions "exercise or purport to exercise the said power of appointment" and elected to take under the trust of Nettie G. Naumburg.

In the light of the facts thus presented, the question before the court is whether the principal of the trust should be included in the gross estate of the decedent for Federal estate tax purposes. Defendant contends that the decedent exercised the power of appointment by reason of the provisions of her last will, and that the tax assessment on the trust property was valid.

Under the Internal Revenue Code, 26 U.S. C.A.Int.Rev.Code, § 811(f), property which passed under a general power of appointment is to be included in the gross estate for tax purposes. By amendment in 1942, any property was to be included "with respect to which the decedent has at the time of his death a power of appointment." It should be noted, however, that the 1942 amendment to the act was again amended so as not to be applicable to any power to appoint created on or before the date of such enactment if it were released before March 1, 1944, or if the decedent died before March 1, 1944 and such power was not exercised. Revenue Act 1942, § 403 (d) (3), as amended by Current Tax Payment Act of 1943, § 10, 26 U.S. C.A.Int.Rev.Acts, page 412.

As I view the situation, and regardless of whether the Act of 1942, or the Act as amended, is applicable here, the disposition of these motions rests upon whether decedent's power was actually exercised. A careful reading of the will leads to the conclusion that the decedent did exercise her power of appointment when she made the trust funds a part of her residuary estate. That such was her intent and purpose appears clearly. After defining what was to constitute her residuary estate, the decedent made certain charitable bequests and then provided that the balance of her estate should go to her surviving brothers and to the issue of such of them as were deceased. The fact that these devisees may have received the same amounts, whether under the will or under the trust, seems of no moment. Decedent exercised her power, and the beneficiaries inherited under the will. To my mind, their renouncements of their legacies can not defeat the tax assessment. Defendant's motion will be granted, and that of plaintiffs denied.